IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM ORLANDO SMITH,                    )
                                          )
            Petitioner,                   )
                                          )
v.                                        )            CIVIL ACTION NO. 2:22cv142
                                          )
                                          )
COMMONWEALTH OF VIRGINIA                   )
                                          )
            Respondent.                   )
                                          )

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner William Orlando Smith's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. On September 12, 2022, Petitioner filed an Amended Petition. ECF No. 5. On January 31, 2023, the Commonwealth of Virginia ("Respondent") filed a Motion to Dismiss, Rule 5 Answer, and brief in support. ECF Nos. 10–12. The Motion was referred for recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and the Amended Petition, ECF No. 5, be **DISMISSED WITHOUT PREJUDICE**.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2004, before the Chesterfield County Circuit Court ("Trial Court"), Petitioner was convicted of rape and abduction with intent to defile. ECF No. 5 at 1. Petitioner was sentenced for his convictions on March 29, 2005. *Id.* The Trial Court sentenced Petitioner to an active sentence of forty-five years plus life. *Id.*

Petitioner filed a direct appeal of his criminal conviction to the Court of Appeals of Virginia. ECF No. 5 at 2.  On appeal, the Petitioner argued: "Trial Court committed reversible error in denying Petitioner's motion to strike on the rape indictment, Trial Court erred in denying Petitioner's motion to state the evidence pertaining to the indictment of the use of contaminated or switched evidence, and the indictment alleging abduction as the indictment violate[s] the Double Jeopardy Clause of the United States Constitution, Amend. V." ECF No. 5 at 2; *see also* ECF No. 10, attach. 8 at 1, 3–4.  The Court of Appeals of Virginia held that the evidence was sufficient beyond a reasonable doubt to establish the crime of rape, that the detention supporting Petitioner's abduction conviction was not incidental to the rape, that the abduction was separate and apart from the detention inherent in the rape, and that the Trial Court did not err in refusing Petitioner's instructions because the facts did not support them. ECF No. 10, attach. 8 at 3–5. Accordingly, the Court of Appeals of Virginia affirmed Petitioner's convictions and denied his petition for appeal on July 26, 2005. ECF No. 5 at 2.

Petitioner appealed his criminal conviction to the Supreme Court of Virginia. ECF No. 5 at 2.  There, Petitioner argued: "the court committed reversible error in denying Petitioner's motion to strike on the rape indictment, the court erred in denying Petitioner's motion to strike the evidence pertaining to the indictment alleging abduction Trial Tr. 80, 85, 92, 93." ECF No. 5 at 3; *see also* ECF No. 10, attach. 1.  On June 22, 2006, the Supreme Court of Virginia affirmed

Petitioner's conviction and refused his petition for appeal. ECF No. 5 at 1; ECF No. 10, attach. 1 at 1.

Petitioner proceeded to file various appeals, motions, and petitions in the Trial Court, the Court of Appeals of Virginia, the Supreme Court of Virginia, and this Court. The procedural background of this case is integral to the Court's recommended disposition of the Amended Petition, therefore the undersigned will lay out a chronology of Petitioner's various endeavors to obtain relief in both the state and federal courts.

On April 11, 2005, Petitioner filed a motion to reduce suspended sentence. ECF No. 5 at 3. On August 7, 2006, Petitioner filed a motion to vacate in the Trial Court. ECF No. 5 at 4. On February 13, 2009, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. ECF No. 10, attach. 2. On January 16, 2013, Petitioner filed a motion to vacate void judgment in the Trial Court. ECF No. 5 at 4. On March 14, 2013, Petitioner filed an appeal in the Supreme Court of Virginia. ECF No. 10, attach. 3. On April 7, 2016, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. ECF No. 10, attach. 4. On January 23, 2017, Petitioner filed an appeal in the Supreme Court of Virginia. ECF No. 10, attach. 5. On January 19, 2018, Petitioner filed an appeal in the Court of Appeals of Virginia. ECF No. 10, attach. 6, 9. On June 29, 2021, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. ECF No. 10, attach. 7.

Meanwhile, in federal court, Petitioner filed his first federal petition for writ of habeas corpus in this Court on January 6, 2009. *Smith v. Johnson*, 2:09cv6, ECF No. 1. In this federal habeas petition, Petitioner attacked his 2004 Chesterfield County Circuit Court convictions for rape and abduction with intent to defile, and his 2005 sentence. *Id.* at 3–11. The Court dismissed this petition without prejudice because Petitioner represented that he filed the petition

3

in error and intended to file it in the Supreme Court of Virginia. *Smith v. Johnson*, 2:09cv6, ECF Nos. 5, 6.

On March 14, 2011, Petitioner filed another federal petition for writ of habeas corpus in this Court. *Smith v. Clarke*, 2:11cv162, ECF No. 1. In this federal habeas petition, Petitioner attacked his 2004 Chesterfield County Circuit Court convictions for rape and abduction with intent to defile, and his 2005 sentence. *Id.* at 10–23. Magistrate Judge Tommy E. Miller filed a Report and Recommendation on August 15, 2011, recommending that the petition be denied for failure to timely file within the statutory period. *Smith v. Clarke*, 2:11cv162, ECF No. 23 at 6. On October 25, 2011, District Judge Raymond A. Jackson adopted the Report and Recommendation and Petitioner's petition was denied and dismissed as barred by the statute of limitations. *Smith v. Clarke*, 2:11cv162, ECF No. 33. Petitioner filed a notice of appeal, *Smith v. Clarke*, 2:11cv162, ECF No. 35, and the Fourth Circuit denied it for failing to timely file objections to the Report and Recommendation, *Smith v. Clarke*, 2:11cv162, ECF No. 40 at 4.

On May 31, 2019, Petitioner filed his third federal petition for writ of habeas corpus in this Court. *Smith v. Commonwealth of Virginia*, 2:19cv295, ECF No. 1. In this federal habeas petition, Petitioner again attacked his 2004 Chesterfield County Circuit Court convictions for rape and abduction with intent to defile, and his 2005 sentence. *Id.* at 5–9. Magistrate Judge Robert J. Krask filed a Report and Recommendation on August 5, 2019, recommending that the petition be dismissed without prejudice to refile after obtaining an order authorizing the filing of a successive petition from the Fourth Circuit. *Smith v. Commonwealth of Virginia*, 2:19cv295, ECF No. 5 at 3. On September 12, 2019, District Judge Raymond A. Jackson adopted the Report and Recommendation and dismissed the petition without prejudice. *Smith v. Commonwealth of Virginia*, 2:19cv295, ECF No. 11. On September 27, 2019, Petitioner appealed. *Smith v.*

4

*Commonwealth of Virginia*, 2:19cv295, ECF No. 13.  The Fourth Circuit held that Petitioner did

not make the requisite showing for a certificate of appealability, and therefore dismissed his

appeal. *Smith v. Commonwealth of Virginia*, 2:19cv295, ECF No. 17 at 2.

Most recently, on April 6, 2022, Petitioner filed this instant Petition, his fourth, in this

Court.  ECF No. 1.  On August 16, 2022, Petitioner was ordered to file an amended petition on

the appropriate form for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, as

required by Rule 83.4 of the Local Rules of the Eastern District of Virginia.  ECF No. 4.  On

September 12, 2022, Petitioner filed his Amended Petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. ECF No. 5.  Petitioner again attacks his 2004 Chesterfield County Circuit

Court convictions for rape and abduction with intent to defile, and his 2005 sentence. *Id.*

In his original Petition, Petitioner outlined his claims in the form of questions presented.

As stated by Petitioner, his original Petition presents the following claims: [1]

> Question 1 – Did the courts commit fraud pursuant to Va. Code Ann. § 53.1-165.1 by not
>> informing the jury that parole had been abolished in Virginia?
>
>> (A) – Did the courts err in refusing Petitioner's proffered jury instructions that
>>> parole had been abolished in Virginia when it is the court's duty to instruct
>>> the jury under law?
>
>> (B) – Was it prejudicial that the court rendered a defective jury instruction when it
>>> was the court's responsibility to instruct the jury as a matter of law which
>>> left the jury in the dark on that subject of abolition of parole?
>
>> (C) – If under Virginia Supreme Court policy indicating in favor of a fully
>>> informed jury under *Yarborough*, 258 Va. at 373, 519 S.E.2d at 616; and

---

[1] The undersigned includes Petitioner's arguments to acknowledge the Petition, but as explained later in
this Report and Recommendation, the undersigned does not have jurisdiction to consider them.

*Jones*, 194 Va. at 278, 72 S.E.3d at 696, 698; was the Petitioner denied his fundamental right and or Due Process rights?

Question 2 – Was it fraud upon the court pursuant to Va. Const. Art. I § 8; and Code § 19.2–257, to proceed with a jury trial after the court induced a waiver of jury trial which was signed by all parties?

(A) – Did this action violate Petitioner's substantive Due Process rights, and or his civil rights under the Bill of Rights, and 14th Amendment?

(B) – Was it prejudicial to the ends of justice doctrine of the U.S. Constitution to be arbitrary or unreasonable in fundamental unfairness in violation of the Sixth Amendment Clauses to have a fair trial in jury trial waiver?

Question 3 – Was it fraud upon the court to elevate Petitioner's indictment under Code § 18.2 from 18.2–47 abduction, the 18.2–48 abduction with intent to defile without the preponderance of evidence? *Hodgeles v. Commonwealth.*

(A) – If under the Fifth Amendment that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment on indictment of a grand jury." (*See Ex Parte Bain*, 121 U.S. 1, 12–13 (1887); was it fraud upon the court to charge Petitioner with Code § 18.2–48 when Petitioner was not served an indictment by a grand jury from that charge?

(B) – Did this violate Petitioner's rights under the Fifth Amendment's grand jury clause by making him answer for an indictment which was not returned by a grand jury?

Question 4 – Was it fraud upon the court by sending the Virginia Criminal Sentencing Commission on April 7, 2016 offender identification sheet which stated that

6

Judge Rockwell gave Petitioner a bench trial, when in fact Petitioner waived a jury trial?

(A) – Was it fraud upon the court to show that the Petitioner was sentenced by the guidelines, when in fact he was sentenced by a jury?

(B) – Was it fraud upon the court to sentence Petitioner to life in prison without an indictment returned by a grand jury for the crime shown in § 18.2–48?

Question 5 – Was it fraud upon the court to prosecute Petitioner when his speedy trial rights were intentionally violated?

(A) – Was it an Sixth Amendment violation of Petitioner's speedy trial rights, pursuant to the Due Process Clause of the Fourteenth Amendment to delay his trial over one year?

(B) – Does it violate the Speedy Trial Act of 1974 and 18 U.S.C. § § 3161–74 (2018) which specify time limits?

(C) – Does it violate Fed. R. Crim. P. 48(b) which authorizes courts to dismiss indictments for unnecessary pre-indictment or post-indictment delays?

(D) – Does it also violate the statute of limitations which provide primary protection against prosecutorial delay? *See U.S. v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009).

ECF No. 1 at 1–4.

In his Amended Petition, the Petitioner presents the following claims:

Claim One – Motion to Amend – Due Process: jury trial waiver, indictment error, jury instructions, Speedy Trial Act, ineffective assistance of counsel, and sentencing

7

Claim Two – Habeas Corpus, Supreme Court of Virginia: alleging all violations of rights

as presented in motion to amend of Due Process

Claim Three – (See Exhibit C.)

Claim Four – I am appealing it now to you'll at the United States District Court of the

Eastern District of Virginia.

ECF No. 5 at 5–10.

On January 31, 2023, Respondent filed a Motion to Dismiss, Rule 5 Answer, and brief in

support. ECF Nos. 10–12. On February 14, 2023, Petitioner filed a response to Respondent's

Motion to Dismiss. ECF No. 15.

## II. DISCUSSION

*A. Petitioner Failed to Obtain Authorization to File a Successive Federal Petition.*

"A claim presented in a second or successive habeas corpus application under section

2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A

federal district court may entertain a successive § 2254 petition only after the petitioner "move[s]

in the [Fourth Circuit] for an order authorizing th[is] [] [C]ourt to consider the application." 28

U.S.C. § 2244(b)(3)(A). Without authorization, the district court is devoid of jurisdiction to

consider the claims, and the petition must be dismissed. *Evans v. Smith*, 220 F.3d 306, 325 (4th

Cir. 2000).

Petitioner's instant Petition is numerically his fourth federal habeas petition. Petitioner's

first federal habeas petition was dismissed without prejudice because Petitioner filed in this

Court rather than the Supreme Court of Virginia. *Smith v. Johnson*, 2:09cv6, ECF No. 6.

However, Petitioner's second federal habeas petition was dismissed on the merits for failure to

timely file within the statutory period. *Smith v. Clarke*, 2:11cv62, ECF No. 33. His third

petition was dismissed as a successive petition for failure to obtain a certificate of appealability from the Fourth Circuit. Therefore, Petitioner's current petition is another successive Section 2254 petition for which Petitioner has failed to provide a certificate of appealability, and this Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Petitioner's successive application for a writ of habeas corpus. Furthermore, it does not appear that Petitioner moved for such an order. Accordingly, this Court may not consider Petitioner's application for a writ of habeas corpus.

### III. RECOMMENDATION

Therefore, the undersigned **FINDS** that the Petition is a successive habeas petition filed without authorization from the Fourth Circuit. Petitioner may present his claims for consideration only after obtaining an order from the Fourth Circuit authorizing him to do so.

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and the Amended Petition, ECF No. 5, be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Petitioner's right to refile another petition if and only when he receives authorization from the United States Court of Appeals for the Fourth Circuit.

### IV. OUTSTANDING MOTION

On February 13, 2023, Petitioner filed a Motion for Default Judgment. ECF No. 14. Petitioner claimed that he "has not received an answer [to his Petition] as was directed from these courts." ECF No. 14 at 1. Nonetheless, on February 14, 2023, the very next day, Petitioner filed his response to Respondent's Motion to Dismiss. ECF No. 15. Therefore, Petitioner obviously did receive Respondent's Motion to Dismiss, Rule 5 Answer, and brief in support. ECF Nos. 10–12. Accordingly, the undersigned **RECOMMENDS** that Petitioner's Motion for Default Judgment, ECF No. 14, be **DISMISSED WITH PREJUDICE.**

9

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to pro se Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 6, 2023

10